UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAR VIEW WEST, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>STEINBERG, HALL & ASSOCIATES, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-04774-SI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 67 |

    Two of the parties—the plaintiff and individual defendant Samuel Steinberg—have submitted a discovery dispute regarding defendant Steinberg's objections to plaintiff's interrogatories. Dkt. No. 67. Plaintiff Clear View West, LLC submitted twelve interrogatories, directed only to defendant Steinberg. Dkt. No. 67-1. Defendant Steinberg responded with myriad objections to each interrogatory. Dkt. No. 67-2. Among them, the following objection was listed in response to each interrogatory: "this Interrogatory was served on Defendant in his individual capacity, while Plaintiff sued multiple corporate entities; and thus, Defendant is not the proper party to respond to these requests." *Id.* Defendant Steinberg "submits that Clear View should divide the requests and re-serve them to each of the named defendants to silo responses." Dkt. No. 67. Clear View contends this is unnecessary because it alleges that the corporate defendants "have operated as alter egos, are 100% owned by Steinberg, operate out of the same address, and commingle contracts and funds." *Id.*

    Federal Rule of Civil Procedure 33 governs interrogatories. It allows any party to serve twenty-five written interrogatories on any other party. Fed. R. Civ. P. 33(a)(1). Where there are multiple defendants, a plaintiff party may serve twenty-five interrogatories on each defendant. When the party is a corporation, the officer or agent of the corporation must "furnish the information

available to the party" so the responding person cannot claim a lack of personal knowledge if the information is available in the entity's records or known to its other employees or agents. Fed. R. Civ. P. 33(b)(1)(B).

The Court agrees with the defendants that plaintiff must serve its questions to each of the parties – including the different corporate defendants allegedly controlled by Steinberg as well as Mr. Steinberg himself. Each defendant will be obliged to respond fully with all the information it has.

The Court has also reviewed individual defendant Steinberg's other objections to the interrogatories and finds them unfounded. *See* Dkt. 67-2. For the most part, the interrogatories fall within the scope of discovery and do not suffer from vagueness. If the defendants continue to object in this indiscriminate manner after plaintiff specifically directs its interrogatories to each separate defendant, the Court will entertain a motion to compel disclosure and likely grant the award of expenses for making such a motion. *See* Fed. R. Civ. P. 37(a)(5).

The Court does not award expenses to either party in this order, as the circumstances show that such an award would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(iii). Both sides may take simple steps to increase the flow of discovery material and allow the litigation to proceed. The Court strongly encourages them to do so.

**IT IS SO ORDERED**.

Dated: October 1, 2024

SUSAN ILLSTON
United States District Judge